IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DIANA LYNN GROTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-351-NKL |
| ) | |
| TAYLOR CABLE PRODUCTS, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

Pending before the Court is Plaintiff Diana Lynn Groth's Motion to Remand this Matter to State Court [Doc. # 11]. For the following reasons, the Motion is GRANTED.

**I.      Background**

Groth filed this complaint against her former employer, Defendant Taylor Cable Products ("Taylor Cable") in the Circuit Court of Jackson County, Missouri, on December 12, 2011. Taylor Cable removed the action to this Court on March 21, 2012. Groth's state court petition brought three counts against Taylor: (1) disability discrimination and retaliation in violation of the Missouri Human Rights Act; (2) workers' compensation retaliation; and (3) wrongful termination in violation of public policy due to Groth's complaint to the Occupational Safety and Health Administration ("OSHA"). Taylor seeks to remove Count III of Plaintiff's Petition on the basis that a federal question was raised pursuant to 28 U.S.C.

§1331. Removal of Count I is based on supplemental jurisdiction. Both parties agree that Count II of Plaintiff's Petition is non-removable pursuant to 28 U.S.C. § 1445.

Count III alleges that on September 6, 2011, Groth complained to OSHA about the unsafe conditions in her walkway through the plant and the plant's lighting conditions. Groth claims that OSHA mandated that Taylor Cable correct these issues, and that on September 12, 2011, Taylor Cable sent a letter to OSHA providing notice that all unsafe conditions had been corrected and referencing Groth in the letter. On September 13, 2011, Defendant terminated Plaintiff, and Groth alleges this termination was motivated by her complaint to OSHA.

## II. Discussion

A defendant is entitled to remove an action to federal court if it could have originally been brought in federal district court. Therefore, the question is whether this action could have been brought in federal court under 28 U.S.C. § 1331, claims "arising under the Constitution, laws, or treaties of the United States." A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the "plaintiff's right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13, 27-28, 103 S. Ct. 2841, 77 L. Ed.2d 420 (1983). The Supreme Court has clarified that a substantial federal question is present if the state action "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally

approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'n and Mfg*., 545 U.S. 308, 314 (2005).

The party seeking removal has the burden to establish federal subject matter jurisdiction; all doubts about federal jurisdiction must be resolved in favor of remand. *Central Iowa Power Co-op. v. Midwest Independent Transmission System Operator, Inc*., 561 F.3d 904, 912 (8th Cir. 2009).

Taylor Cable opposes Groth's Motion to Remand on the grounds that Count III necessarily raises a substantial federal issue because Count III necessarily requires a fact finder to resolve "whether Plaintiff engaged in activity protected by public policy." [Doc. # 15 at 4]. According to Taylor Cable, this public policy sounds in federal law, specifically, 29 U.S.C. § 660(c), which protects individuals from retaliation for filing reports with OSHA of workplace violations.[1] In the words of Taylor Cable, "Plaintiff would have no claim were it not for OSHA, because she would have *no* public policy to allege the termination of her employment violated." *Id*.

In contrast, Groth claims that Count III is based on state law, specifically on Taylor Cable's violation of Missouri public policy against wrongful termination. Missouri law recognizes a public policy exception to at-will employment, prohibiting termination in

---

[1] 29 U.S.C. § 660(c) states that "[n]o person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [OSHA] or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter." There is no private right of action to enforce this obligation.

3

situations in which an employee "1) [refuses to] violate the law or any well-established and clear mandate of public policy as expressed in the constitution, statutes, regulations promulgated pursuant to statute, or rules created by a governmental body or 2) [reports] wrongdoing or violations of law to superiors or public authorities." *Fleshner v. Pepose Vision Institute, P.C.*, 304 S.W.3d 81, 92 (Mo. 2010). According to the court, "Public policy is not to be determined by the varying personal opinions and whims of judges or courts ... as to what they themselves believe to be the demands or interests of the public... [i]nstead, public policy must be found in a constitutional provision, a statute, regulation promulgated pursuant to statute, or a rule created by a governmental body." *Id.* at 97 (citations omitted). Missouri appellate courts have ruled that plaintiffs can meet the public policy exception by presenting "proof that the discharge itself was specifically prohibited by constitution, statute, or regulation." *Porter v. Reardon Mach. Co.*, 962 S.W.2d 932, 938 (Mo. Ct. App. 1998); *see also Shawcross v. Pyro Prod., Inc.,* 916 S.W.2d 342 (Mo. Ct. App. 1995) (recognizing an appropriate cause of action under the public policy exception for employees alleging termination for filing safety-related complaints with the Department of Labor, in violation of OSHA's prohibition of retaliatory discharge)*; Clark v. Beverly Enterprises-Missouri, Inc*., 872 S.W.2d 522 (Mo. Ct. App.1994) (recognizing cause of action for retaliation in violation of state statute). However, Missouri courts also allow claims to be brought even when the statute does not expressly prohibit retaliation. As the Missouri Supreme Court has stated,

> Moreover, there is no requirement that the violation that the employee reports affect the employee personally, nor that the law violated prohibit or penalize retaliation against those reporting its violation. *See, e.g., Porter*, 962 S.W.2d at

4

938–39 (recognizing that one can make a claim under the public-policy exception not just where the statute or regulation specifically prohibits retaliation but also in other cases where the employee reports a violation or refuses to violate a clear mandate of public policy as reflected in a statute or regulation).

*Fleshner*, 304 S.W.3d at 97.

Based upon review of Missouri case law, it appears that the only federal issue which the Court would need to decide would be whether the OSHA statute prohibits retaliation against whistleblowers who report violations of workplace safety regulations to authorities. This type of analysis is accomplished by a plain reading of the statute, which clearly prohibits discrimination or retaliation against whistleblowers making complaints to OSHA. 29 U.S.C. § 660(c). In any event, the parties do not appear to dispute the meaning of this statutory provision, and Taylor Cable fails to supply any other reason the Court would need to engage in interpretation of this statute or resolve a dispute concerning the federal law in order to resolve the state law claim.

The jury instructions which Missouri courts would use for this type of action underscore this reality. In cases alleging wrongful termination in violation of public policy, the Missouri Supreme Court has instructed courts to use a modified version of pattern jury instructions for actions under the Missouri Human Rights Act. These instructions focus simply on whether 1) the defendant discharged plaintiff and 2) the employee's reporting of legal violations was a "contributing factor" to the employee's termination. *See Fleshner v.*

*Pepose Vision Inst., P.C.*, 304 S.W.3d 81, 95 (Mo. 2010).[2] Rather than any issue of OSHA law or policy, the critical disputed issues appear to consist of factual disputes over whether Groth was in fact terminated for her report to OSHA.

However, even if a genuine and significant dispute over the construction of the OSHA statute were present here, this is not the end of the inquiry. Even when a state claim contains a contested and substantial federal question, this issue will only qualify for a federal forum if "federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." *Grable*, 545 U.S. at 314. In *Grable*, the Supreme Court held that a landowner's state quiet title action against a federal tax sale purchaser, in which the landowner alleged that the IRS had failed to give him adequate notice, contained a substantial, disputed federal issue over the meaning of the federal notice statute. However, the Supreme Court also determined that the issue belonged in a federal court because of such factors as the U.S. government's strong interest in a federal forum to vindicate its own interests in the collection of delinquent taxes, the traditional expertise of federal courts in hearing federal tax matters, and the fact that because "it will be the rare state title case that raises a contested matter of federal law," federal jurisdiction over

---

[2] The jury instruction, MAI 31.24 reads as follows:

Your verdict must be for plaintiff if you believe:

First, defendant [*insert alleged discriminatory act (e.g. "discharged")*] plaintiff, and

Second, [*insert one or more protected classifications*] was a contributing factor in such *[alleged discriminatory act]*, and

Third, as a direct result of such conduct, plaintiff sustained damage.

6

the state quiet title action would have only a "microscopic effect on the federal-state division of labor." *Id.* at 315.

Here, there is little indication that Congress intended state law wrongful discharge claims to be heard in federal forums whenever a federal statute protecting the whistleblower was relevant. If a state employment claim can be removed to federal court simply because a federal whistleblowing law is violated, there is the potential that federal forums could be flooded with state claims in which only mechanical application of federal law is required, not only straining federal judicial resources unnecessarily but also depriving state courts of the opportunity to litigate important matters of state law. The fact that Congress has not provided a private cause of action for OSHA violations is highly suggestive of Congressional intent to keep plaintiffs' wrongful discharge claims in state court even when they addressed matters of occupational safety. *See Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (2005) (ruling federal jurisdiction unavailable for a state tort claim resting in part on an allegation that the defendant drug company had violated a federal branding law which lacked a private cause of action) ; *Grable*, 545 U.S. at 314 (finding that the absence of a private cause of action was a relevant factor in *Merrell Dow* because "if the federal labeling standard without a cause of action could get a state claim into federal court, so could any other federal standards without causes of action" resulting in an "enormous" number of cases). Further, Missouri has a strong interest in adjudicating these claims in its own courts. The purpose of public policy exceptions such as the one articulated by Missouri courts is to protect workers from termination for their efforts to reveal legal violations committed by employers. The

7

wrongfulness of the termination stems mainly from the fact that the employee is being fired because he or she was attempting to publicize or rectify legal wrongs. While the pool of eligible employees is limited to those whose whistleblowing activities are protected by statute, Missouri courts have not required extensive analysis into the nuances of the relevant statutes, particularly when the statute at issue expressly prohibits retaliation, as is the case here. Because in-depth analysis of federal law is not required here, the meaning and uniformity of federal law concerning workplace safety is not in danger in the absence of a federal forum. Each of these factors militates in favor of remand of Count III so that a Missouri court can properly hear the entire action.

However, Groth also argues that the case should be remanded because Count III is not completely preempted by federal law. A state claim may be removed to federal court on preemption grounds when "Congress expressly so provides...or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat'l Bank v. Anderson*, 123 S. Ct. 2058 (2003). A preemption claim would be based upon the OSHA statute's provision providing a federal administrative remedy for whistleblowers, in the form of an enforcement action brought by the Secretary of Labor. 29 U.S.C. § 660 (c). However, Taylor Cable concedes in its briefing that complete preemption was not a basis for its removal of this action and even cites cases which rule that the OSHA statute does not preempt employees' state law claims. In any event, it is clear that complete preemption does not apply here as a basis for removal as Congress did not intend for the OSHA statute to completely displace state law claims in this area. One highly relevant factor, discussed above, is the

8

failure of Congress to provide a private right of action for individuals to sue for OSHA violations. Even though the absence of a private cause of action is not dispositive, issues of federalism and pragmatism weigh against a finding of complete preemption, as highlighted previously. Further, the weight of legal authority supports a finding that the remedial scheme of OSHA indicates that Congress did not intend the OSHA statute to preempt an employee's rights under state common law or statutes. *See Schweiss v. Chrysler Motors Corp.*, 922 F.2d 473, 475-76 (8th Cir. 1990); *McElroy v. SOS Int'l, Inc.*, 730 F.Supp. 803, 804 (N.D. Ill. 1989).

Because federal jurisdiction does not lie for Count III of Groth's claim, there is no basis to entertain supplemental jurisdiction over Count I and the entire action must be remanded back to state court. Because the Court lacks original jurisdiction over Count III, it need not entertain Groth's alternative arguments that removal is unwarranted because federal adjudication of Counts I and III will result in parallel litigation, or that the entire matter should be remanded because state law predominates.

The Court finds that attorneys' fees are unwarranted at this time as Groth has not shown that Taylor Cable lacked an objectively reasonable basis for seeking removal.

### III.     Conclusion

For the foregoing reasons, Plaintiff Diana Lynn Groth's Motion to Remand Matter to State Court [Doc. # 11] is GRANTED and the entire action is remanded back to the Circuit Court of Jackson County, Missouri. Groth's request for attorneys' fees is DENIED. Groth's Motion to Continue Trial Setting [Doc. # 18] is DENIED as moot.

      s/ Nanette K. Laughrey  
      NANETTE K. LAUGHREY  
      United States District Judge

Dated: July 17, 2012  
Jefferson City, Missouri